**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| BILLY G. ROBINSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19cv224 RLW |
| | ) |
| C. R. BARD, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Reconsider Paragraph 3(b) of the Case Management Order and Request for Oral Argument ("Motion to Reconsider") filed by Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectivey referred to as "Defendants"). (ECF No. 25)

The relevant multi-district litigation ("MDL") court transferred the case to this district on October 28, 2019. (ECF No. 4) The judge originally assigned to the case ordered the case be transferred to the correct geographic division within this district (ECF No. 16), and the case was randomly reassigned to this Court (ECF No. 23) The parties had already submitted a Joint Proposed Scheduling Plan in which they offered their positions on scheduling deadlines. (ECF No. 13) One point of contention concerned the appropriateness of additional general discovery. Plaintiff Billy G. Robinson argued the Court should permit additional discovery related to scientific studies conducted after the close of fact discovery in the MDL. At that time, the entirety of Defendants' position on the matter was as follows:

> The remand order explicitly notes that generic discovery is complete and only case-specific discovery is left. The MDL "was formed to centralize all pretrial proceedings and complete all common fact and expert discovery concerning Bard IVC filters." [Dkt. 3 at p. 9]. Per the District of Arizona's Remand Order, "all

> common fact and expert discovery has been completed," "[t]hus, courts receiving these cases need not be concerned with facilitating general fact discovery on remand." *Id.* at pp. 2-3, 10-11. Significant discovery has already been conducted in the MDL, including "all aspects of Bard IVC filters," and responses to "thousands of written discovery requests, and more than 80 corporate witness depositions[.]" *Id.* at p. 9. Generic discovery has taken place and concluded. Only case specific discovery is needed and appropriate now.

(ECF No. 13 at 5) After considering the parties' arguments, the Court entered a Case Management Order on January 14, 2020, with the following provision in section 3(b):

> Plaintiff shall be permitted to supplement the general discovery taken in the multidistrict litigation proceeding ("MDL") before the Honorable David G. Campbell in the District of Arizona known as the In Re: Bard IVC Filters Products Liability Litigation, MDL 2641. Specifically, Plaintiff may conduct discovery concerning scientific studies conducted after the close of fact discovery in the MDL.
> The parties shall also be permitted to conduct case-specific discovery related to Plaintiff's claims.

(ECF No. 24)

Shortly thereafter, Defendants filed the instant Motion to Reconsider.[1] (ECF No. 25) For the first time, Defendants argue a majority of receiving courts have declined to permit additional general discovery after transfer from the MDL court. For example, Defendants cite an order from another judge in this district denying a request to reopen general discovery in a case transferred from the same MDL court. *See* Order, *Stromquist v. C. R. Bard, Inc., et al.*, No. 4:19-cv-02536-JAR (E.D. Mo. Dec. 20, 2019).

As an initial matter, the Court disagrees with Defendants' characterization of the MDL court's expressed opinion on the appropriateness of additional general discovery. Specifically, the MDL court in its Suggestion of Remand and Transfer Order (Second) stated that, "[b]ecause all general fact and expert discovery has been completed in this MDL, the courts receiving these

---

[1] Defendants are advised to avoid naming individuals, including Court staff, in public filings who are unrelated to the facts of the case. (Defs.' Mot. to Reconsider § I.B, ECF No. 25 at 5)

cases *need not be concerned* with facilitating general expert, corporate, and third-party discovery." (ECF No. 3 at 30) (emphasis added) The MDL court further noted that its "observation [was] not meant to restrict the power of receiving courts for good cause or in the interest of justice to address issues that may be unique and relevant [in a] remanded or transferred case." (*Id.*) The Court finds that these pronouncements do not amount to, in Defendants' view, a "*mandate* against reopening general discovery." (Defs.' Mot. to Reconsider § I.B, ECF No. 25 at 5) (emphasis added) In fact, Defendants fail to note that the court in *Stromquist* explicitly "found good cause to allow [the plaintiff] to conduct some limited discovery of new information" but ultimately concluded that the plaintiff's proposal was not sufficiently limited in scope to the specific device at issue. No. 4:19-cv-02536-JAR, at 1-2.

Recently, another judge in this district decided to follow the approach of Judge David G. Campbell in the District of Arizona, who presided over the MDL proceeding and who is now presiding over another individual case transferred out of that MDL, and limit additional general discovery to the following "two narrow exceptions":

> (a) Defendants shall timely supplement their disclosures of adverse event data; and (b) any new medical literature published since 2017 may be added to the reliance lists of general experts, and the general experts may expand their trial testimony from the MDL to include a discussion of such new literature.

Order, *Fancher v. C R Bard Inc.*, No. 4:19-cv-02919-AGF (E.D. Mo. Feb. 12, 2020) (quoting Case Management Order, *Caldera v. C. R. Bard, Inc., at al.*, No. 2:19-cv-04266-DGC (D. Ariz. Jan. 10, 2020)).[2] After careful consideration, this Court agrees that such an approach is proportional to the needs of the case and in the interests of justice.

Accordingly,

---

[2] As stated above, the Court entered the Case Management Order in this case on January 14, 2020. (ECF No. 24)

**IT IS HEREBY ORDERED** that Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion to Reconsider Paragraph 3(b) of the Case Management Order and Request for Oral Argument (ECF No. 25) is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that section 3(b) of the Case Management Order in this case (ECF No. 24) is amended as follows:

> The general discovery taken in the multidistrict litigation proceeding ("MDL") before the Honorable David G. Campbell in the District of Arizona known as the *In Re: Bard IVC Filters Products Liability Litigation*, MDL 2641 may be supplemented in the following two ways: (a) Defendants shall timely supplement their disclosures of adverse event data; and (b) any new medical literature published since 2017 may be added to the reliance lists of general experts, and the general experts may expand their trial testimony from the MDL to include a discussion of such new literature.
> The parties shall also be permitted to conduct case-specific discovery related to Plaintiff's claims.

**IT IS FINALLY ORDERED** that Defendants' request for oral argument is **DENIED**.

Dated this 24th day of February, 2020.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**